**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JNS POWER & CONTROL SYSTEMS, INC., an Illinois Corporation, | ) ) ) | |
| | ) | Case No. 13 CV 04020 |
| Plaintiff, | ) ) | Judge Robert M. Dow, Jr. |
| v. | ) ) | |
| 350 GREEN, LLC, a Virginia limited liability company, | ) ) ) | |
| Defendant. | ) ) | |

## PLAINTIFF'S MOTION FOR EXPEDITED PROCEEDINGS AND DISCOVERY

Plaintiff, JNS Power & Control Systems, Inc. ("JNS"), by its undersigned attorneys,

pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure ("Rule(s)"), moves this

Court for the entry of an order: (1) ordering the parties to appear at a pretrial conference during

the week of June 10, 2013 for the purpose of expediting the pretrial proceedings for resolution of

this matter; and (2) allowing JNS to conduct limited, expedited discovery prior to the Rule 26(f)

conference. In support of this motion, JNS states the following[1]:

### BACKGROUND

JNS Power & Control Systems, Inc., an Illinois corporation with its principal place of

business in Arlington Heights, Illinois, is a service provider for electric vehicle ("EV") charging

stations. 350 Green, LLC ("350 Green"), also provides services for EV charging stations. 350

---

[1] Prior to the filing of this motion, the parties sought to discuss the issue of expedited disposition and discovery in this case. On Friday, May 31, 2013 at 1:27 p.m., Kelly McCloskey Cherf, counsel for JNS, sent an email to Michael Bernstein, counsel for 350 Green, seeking to discuss the issues raised in the instant motion. (A copy of the email is attached hereto as Exhibit A). In previous correspondence dated May 6, 2013, Mr. Bernstein indicated that he and his law firm represented 350 Green. Counsel for JNS spoke with Mr. Bernstein on June 3, 2013 regarding this motion. During the conversation, Mr. Bernstein stated that 350 Green would not agree to expedited proceedings and discovery, at this time; and he indicated he would be prepared to fully explain 350 Green's position regarding expedited proceedings and discovery to the Court.

Green was awarded a grant for $1,911,000 ("Grant") by the City of Chicago Department of Environment to install and maintain EV charging stations in the Chicago area (the "Chicago Project"). The goal and purpose of the Grant was for the installation and maintenance of EV charging stations throughout the Chicago area to facilitate the use of EV's in Chicago. The Grant required the Chicago Project be completed no later than December 31, 2013, in order to be eligible for the Federal Department of Energy grant funds. Pursuant to the terms of the Grant, all funds not expended for installation of the charging stations by December 31, 2013, will be lost and the Grant cannot be renewed by the City.

In October 2010, 350 Green began performance of the Chicago Project by installing EV charging stations at various locations throughout the greater Chicago area. Under the terms of the Grant as amended in February, 2011, 350 Green was required to complete installation of the EV chargers by December 2011. On or about June 14, 2012, the City of Chicago declared 350 Green in default of the Grant. By this time, many of the sub-contractors engaged by 350 Green had completed their respective work, but had not been paid by 350 Green. To date, those sub-contractors remain unpaid, and 350 Green has not installed all of the EV chargers and has not completed performance of the Chicago Project.

JNS and 350 Green entered into an Asset Purchase Agreement ("APA") on or about April 17, 2013, for JNS's purchase of one-hundred-sixty-eight (168) completed and installed electric car chargers and fifty-one (51) Coulomb or equivalent Level II Chargers (the "Chargers"). Under the terms of the APA, JNS assumed 350 Green's obligation to fully perform under the Grant, and agreed to settle or resolve the outstanding claims by numerous vendors against 350 Green for work performed on the Chicago Project. In addition to the purchase of the Chargers, a key component of the APA was that 350 Green agreed to assignment of the Grant to JNS, which

would allow JNS to receive the remainder of the Grant funds ("Grant Funds") to be used for completion of the Chicago Project.

As set forth in the Complaint, JNS has satisfied all contingencies and obligations required by the APA. Prior to and following execution of the APA, JNS engaged in negotiations with those vendors who remain unpaid by 350 Green and has successfully reached agreements for satisfaction of 350 Green's debts with the majority of those subcontractors. In addition, JNS has received approval from the City of Chicago of the terms of the APA, including the assignment of the Grant to JNS.

Although JNS has fully performed under the terms of the APA, 350 Green has failed to turn over the Chargers so that JNS can complete the Chicago Project with the remaining Grant Funds, resulting in the instant lawsuit. Moreover, another entity, Car Charging Group, Inc. ("CCGI") has alleged that it is entitled to the Chargers.[2] On May 8, 2013, JNS has sent a request to the City of Chicago seeking the assignment of the Grant and the Grant Funds to JNS. The City of Chicago has since advised JNS that it will not assign the funds of the Grant until a Court orders specific performance under the APA or otherwise rules on the validity of the APA.

Once JNS has ownership and possession of the Chargers, completion of the Chicago Project is expected to take approximately four (4) months. *See* affidavit of Brian Howe, ¶¶5-8, attached hereto as Exhibit B.

If the Chicago Project is not completed by December 31, 2013, the Grant Funds will no longer be available. Exhibit B, ¶10. Therefore, given the expiration of the Grant Funds on December 31, 2013, and given the amount of time it will take to complete the Chicago Project,

_____

[2] On April 25, 2013, Car Charging Group, Inc. filed a lawsuit in the District Court for the Northern District of Illinois against JNS and JNS Holding Corp., claiming tortious interference with contractual relations and seeking declaratory judgment that the APA is void because 350 Green lacked authority to enter into the APA (case no. 13cv3124). JNS has filed a motion to dismiss CCGI's complaint on multiple grounds, including the doctrine of *res judicata*, before Judge Elaine Bucklo.

JNS seeks an order for expedited proceedings, limited expedited discovery and an evidentiary hearing, if necessary, the week of July 15, 2013.

## ARGUMENT

### I.    Legal Standard.

The Federal Rules of Civil Procedure impose an obligation on district courts to secure the just and speedy determination of every action and proceeding before them.  *Feldman v. Trane*, No. 07 CV 2694, 2008 WL 4814723, at *2 (N.D. Ill. Nov. 4, 2008) (citing to FED. R. CIV. P. 1). Rule 16 grants the Court general authority over the pretrial phase of the lawsuit and provides the Court with wide discretion and power to advance the cause and simplify the procedure. *Identiseal Corp. of WI. v. Positive Identification Syss., Inc.*, 560 F.2d 298, 302 (7th Cir. 1977). One of the express purposes for conducting a pretrial conference is to expedite the disposition of the action.  FED. R. CIV. P. 16.

Further, Courts have wide discretion in managing the discovery process and, where appropriate, may expedite discovery and authorize the issuance of discovery requests prior to the Rule 26(f) conference.  *Ibarra v. City of Chi.*, 816 F. Supp. 2d 541, 554 (N.D. Ill. 2011).

### II.    Expediting the Proceedings is Justified and within the Court's Inherent Authority.

Rule 16 creates an inherent authority for district judges to deal with circumstances not specifically addressed by rule which must be addressed to promote the just and speedy determination of every action.  *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 652 (7th Cir. 1989).  Through this inherent authority, the Court may order the attorneys and parties to appear for a pretrial conference for the purpose of expediting the pretrial proceedings. FED. R. CIV. P. 16.  Pursuant to Rule 16(c)(2), the Court is expressly authorized to direct the parties to appear in order to consider and take appropriate action on the timing of summary

adjudication, controlling and scheduling discovery, establishing a reasonable limit on the time allowed to present evidence, and facilitating in other ways the just and speedy disposition of the action.

In the instant proceeding, expedited proceedings are necessary in order to adjudicate the rights of the parties under the APA in a timely manner to allow for completion of the Chicago Project prior to the expiration of the Grant. If the proceedings are not expedited, the City of Chicago will not assign the Grant to JNS, JNS will be unable to complete the Chicago Project and the Grant Funds will expire without completion of the Chicago Project, resulting in a detrimental impact on the parties, the City of Chicago, and the intended beneficiaries of the network of car charging stations. Under these circumstances, JNS requests that the Court use the inherent authority under Rule 16 to require counsel for the parties to appear for a pretrial conference during the week of June 10, 2013 for the purpose of expediting the disposition of this action on or about July 15, 2013.

### III.     Limited, Expedited Discovery is Reasonable and Appropriate.

While there is no set test or criteria for evaluating whether expedited discovery is necessary, district courts within the Seventh Circuit have applied a reasonableness approach. *Ibarra*, 816 F. Supp. 2d at 554. Under the reasonableness approach, the Court performs a factor analysis and considers: (1) whether an injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting expedited discovery; (4) the burden on the defendants to comply; and (5) how far in advance of the typical discovery process is the request made. *Id.*

A consideration of all of the factors weighs in favor of granting expedited discovery in this case. First, JNS seeks equitable relief in the form of specific performance – for the Court to order 350 Green to perform under the APA. The result of such an order would be akin to injunctive relief in that the Court would order 350 Green to perform, an equitable remedy

designed to avoid the irreparable harm JNS would suffer should 350 Green avoid performance under the APA. Second, JNS's proposed expedited discovery request is narrowly tailored. JNS seeks leave of the Court to propound six (6) document requests to the defendant and to conduct a maximum of five (5) expedited depositions. A copy of JNS's proposed first set of document requests is attached hereto as Exhibit C. Copies of the notices and/or subpoenas for the depositions of Timothy Mason, Mariana Gerzanych, a 30(b)(6) designee from 350 Green, if not Mr. Mason or Ms. Gerzanych, a 30(b)(6) designee from CCGI, and John Pierce, an attorney from DLA Pieper who represented 350 Green during negotiations with JNS, are attached hereto as Exhibit D.

Third, the purpose of expedited discovery in this matter is to allow the parties to reach a just and speedy resolution of the narrow, limited equitable issues pending before this Court. Such a resolution is not only in the best interest of the parties, but would serve the public's interest as well. An expedited adjudication of the parties' rights under the APA will either allow JNS to begin the work necessary for the timely completion of the Chicago Project or allow the City to consider other alternatives to forgoing the Grant entirely.

Fourth, the burden on 350 Green will be minimal. The document requests are limited in scope as they seek two (2) specific agreements, amendments thereto and drafts thereof, and communications regarding those agreements. Moreover, JNS is only seeking a maximum of five (5) depositions, listed above, so any burden that might be caused by the expedited depositions of these witnesses, who would all likely be deposed in this case, has been minimized. Finally, the discovery proposed is being sought only a few weeks before JNS would otherwise have been permitted to initiate the normal discovery process. 350 Green was served with the Complaint and summons on May 31, 2013, and its response to the Complaint is due June 21, 2013.

In asking for expedited discovery, JNS suggests the following schedule: (1) Responses to written discovery to be due within two (2) weeks, by June 20, 2013; and (2) Depositions to be conducted between June 21 and June 28, 2013. Such a schedule would not be unduly burdensome on the parties and would allow for the parties and the Court to proceed to dispositive motions or, if necessary, by trial or hearing the week of July 8, 2013.

WHEREFORE, Plaintiff, JNS Power & Control Systems, Inc., respectfully requests that this Court enter an Order:

1) Requiring the parties' attorneys to appear for a pretrial conference during the week of June 10, 2013, for the purpose of expediting the disposition of this matter as soon as the Court is available;

2) Authorizing JNS to issue the attached Plaintiff's First Set of Document Requests to 350 Green immediately upon the entry of the Court's Order;

3) Requiring 350 Green to respond to Plaintiff's First Set of Document Requests within fourteen (14) days of receipt of Plaintiff's First Set of Document Requests;

4) Authorizing JNS to issue notice of depositions or subpoenas to testify at a deposition in the instant action to the following individuals/entities, immediately upon the entry of the Court's Order:

   a. Tim Mason, former member of 350 Green, LLC;

   b. Mariana Gerzanych, former member of 350 Green, LLC;

   c. A 30(b)(6) designee from 350 Green, if not Mr. Mason or Ms. Gerzanych;

   d. A 30(b)(6) designee from CCGI; and

   e. John Pierce, an attorney from DLA Piper; and

5) Granting such other relief as this Court deems equitable and just.

Respectfully submitted,

JNS Power & Control Systems, Inc.,

By:    s/ Evan J. Haim
           One of Its Attorneys

KELLY MCCLOSKEY CHERF
PATRICK E. DEADY
EVAN J. HAIM
HOGAN MARREN, LTD.
321 N. Clark Street, Suite 1301
Chicago, Illinois 60654
(312) 946-1800

# EXHIBIT A

| | |
|---|---|
| **From:** | Betty B. Musielak on behalf of Kelly M. Cherf |
| **Sent:** | Friday, May 31, 2013 1:27 PM |
| **To:** | 'Michael@Bernstein-Lawfirm.com' |
| **Cc:** | Patrick E. Deady; Evan J. Haim |
| **Subject:** | JNS Power & Control Systems, Inc. v. 350 Green, LLC |
| **Attachments:** | Dkt 1 - Complaint.pdf |

Mr. Bernstein,

As you may be aware, JNS Power & Control Systems, Inc. ("JNS") recently filed a complaint against 350 Green, LLC in the District Court for the Northern District of Illinois (N.D. Ill. case no. 13cv4020). JNS's complaint seeks equitable relief in the form of specific performance under the Asset Purchase Agreement between JNS and 350 Green. A copy of the complaint is attached for your convenience. Please advise whether you will agree to accept service on behalf of 350 Green.

On Monday, we plan to file before Judge Dow a Motion for Expedited Proceedings and Expedited Discovery, pursuant to Fed. R. Civ. P. 16 and 26. It is our belief that both parties will be best served by the timely and expeditious resolution to this dispute. Please contact either me or Patrick Deady before 4:00 PM (CST) on Monday, June 3 to discuss the motion and whether 350 Green is agreeable to conducting expedited discovery in this matter. Our office phone number is 312-946-1800.


Kelly McCloskey Cherf

# Hogan Marren, Ltd.

321 North Clark Street, Suite 1301, Chicago, Illinois 60654
kmc@hmltd.com | (312) 946-1800 | (312) 946-9818 (fax) | www.hmltd.com

*TAX ADVICE WAIVER: In accordance with the requirements imposed on professionals who practice before the Internal Revenue Service, we advise you that any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the United States Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.*

*NOTICE OF CONFIDENTIALITY: This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution of any kind is strictly prohibited. If you are not the intended recipient, contact the sender via reply e-mail and destroy all copies of the original message.*

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JNS POWER & CONTROL SYSTEMS, INC., an Illinois Corporation, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 13 CV 4020 |
| v. | ) ) | Hon. Robert M. Dow |
| 350 GREEN, LLC, a Virginia limited liability company, | ) ) ) | |
| Defendant. | ) ) | |

## AFFIDAVIT OF BRIAN HOWE

I, Brian Howe, who being first duly sworn, deposes and states as follows:

1.      That I am the Chief Executive Officer of JNS Power & Control Systems Inc. ("JNS"), an Illinois corporation and JNS Holding a publicly traded corporation.

2.      That I am familiar with the Amended Grant Agreement between the City of Chicago and 350 Green, LLC which is at issue between my company and 350 Green LLC. in the current pending litigation.

3.      That I have personal knowledge of all of the material facts contained herein including the Amended Grant Agreement and the City of Chicago requirements or Scope of Work for the completion of the Grant with the Federal Department of Energy.

4.      That the Federal Department of Energy has issued a deadline with regards to the completion of the Grant agreement work and reimbursement for completion of the grant work of December 31, 2013.

5.      That I have prepared a schedule for the installation of the remaining 52 chargers and the completion of maintenance and upkeep on the existing 168 installed chargers to meet the deadline date of December 31, 2013, which has been approved by the City of Chicago. See attached Ex."1".

6.      That to install the 52 new chargers and make those 52 chargers operational before December 31, 2013 my duties include, but are not limited to,  the following tasks: (a)  obtain ownership of the chargers by payment of the existing liability with Continental Electric, estimated time to complete seven (7) days; (b) inventory and transport chargers from storage site to our facility, approximate time to complete, three (3) to five (5) business days; (c) prepare site surveys for the 52 new charging stations which will take

two crews approximately twenty (20) days to complete; (d) obtain the necessary permits from the public entities for the installation of the 52 chargers into the sites which will take approximately another twenty (20) days, depending on each municipalities requirements and review process; (e) get construction crews on site for installation of the chargers with a minimum of three (3) days per charger installation or a total of 156 days; and (f) perform the actual wireless networking and hosting of the chargers on line for start up which will take approximately eighty (80) days,

7.     With regards to the 168 installed chargers, the following work is necessary in order to connect and make operational the chargers on the network: (a) perform physical site surveys at the host stations, which will take approximately fifty-six (56) man days; (b) perform maintenance on existing chargers to assure their operation, which shall take forty-two (42) days; and (c) contact all existing leasehold owners or host owners to renegotiate and redraft leases for chargers which will take at least forty-five (45) days.

8.     That based on my business expertise and experience, in order to complete the Grant work by the deadline of December 31, 2013; JNS would normally initiate work by the week of June 8, 2013.

9.     If the start of work is delayed beyond July 8, 2013, even with the hiring and training of additional staff, working two crews six days a week, and incurring additional labor expenses in overtime, I do not believe the work can be completed by the December 31, 2013 deadline in the Grant

10.     If JNS is unable to start the work before mid-July 2013, JNS will be unable to complete the Grant and the City of Chicago will lose the additional Department of Energy Funding.

FURTHER AFFIANT SAYETH NAUGHT.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing statements set forth in my affidavit are true and correct.

Executed on this 3rd day of June, 2013.

Brian Howe

# ELECTRIC VEHICLE CHARGER SCHEDULE

Rev'd    May 31, 2013

| | JUNE | | | | JULY | | | | AUGUST | | | | SEPTEMBER | | | | OCTOBER | | | | NOVEMBER | | | | DECEMBER | | | | JANUARY | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 8 | 15 | 22 | 29 | 6 | 13 | 20 | 27 | 3 | 10 | 17 | 24 | 31 | 7 | 14 | 21 | 28 | 5 | 12 | 19 | 26 | 2 | 9 | 16 | 23 | 30 | 7 | 14 | 21 | 28 | 4 | 11 | 18 | 25 |

Complete settlement offers to vendors
Pay outstanding liabilities to vendors
Purchase (1) Level III charger
Provide ownership of chargers & pickup
Revise contracts with existing customers
Site surveys for (52) new chargers
Permits for Chicago and suburbs
Project Coordination, Engineering, Drafting
Underground work, concrete (2 crews)
Electrical work (2 crews)
Set, install chargers
Parking lot strippers, bollards, landscaping
Startup, network, on-line hosting
Inspect (168) installed chargers
Repairs and reestablish network

Schedule of Events
1) Complete all settlement offers with outstanging liabilities to vendors - 10 days
2) Pay all outstanding liabilities - 5 days
3) Provide ownership of existing level II inventory of chargers and pick them up from Continential's possesion - 5 days
4) Site surveys for potential new sites for the addition of (52) new chargers - 20 days
5) After site surveys are complete pull permits including surrounding suburbs - 20 days
6) Construction time to install (52) new chargers - 3 days per site (or 156 days or 2 crews 78 days)
7) Startup of chargers, wireless networking, hostong chargers on-line - 80 days
8) Inspect all (168) installed chargers - 56 days
9) Make necessary repairs and reestablish network on existing (168) chargers - 42 days
10) Contact all exisiting customers to re-negotiate new contracts with site owners - 45 days

Exhibit 1 to Affidavit of Brian Howe

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JNS POWER & CONTROL SYSTEMS, INC., | ) | |
| an Illinois Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13 CV 4020 |
| | ) | |
| v. | ) | Hon. Robert M. Dow |
| | ) | |
| 350 GREEN, LLC, a Virginia limited | ) | |
| liability company, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS TO 350 GREEN, LLC

Plaintiff JNS Power & Control Systems, Inc. ("JNS"), pursuant to Rule 34 of the Federal

Rules of Civil Procedure and in accordance with the Court's Order granting JNS's motion for

expedited discovery, submits the following First Set of Document Requests to Defendant 350

Green, LLC ("350 Green"), to be responded to within fourteen (14) days of service hereof.

## MOTION FOR EXPEDITED PROCEEDINGS AND DISCOVERY

## INSTRUCTIONS

A.      For the following requests for production, you should furnish all information
available to you; this instruction extends to all information in your possession, custody or
control, or the possession, custody or control of your attorneys, accountants, investigators or
other agents.

B.      With respect to any portion of the following requests for production of documents
which is not fully answered in whole or in part due to a lack of information or knowledge,
inability to remember, loss, or destruction, or non-possession of records or documents, identify
the nature of the information or knowledge, the present or former employee(s), agent(s) or other
person(s) which you consider to have information, knowledge or documents containing
information which is responsive to said request,  the locations of such persons, documents or
sources of information, state the circumstances, if any, under which you lost possession or
control of such information or documents, provide the information that is available, and explain
why your response is incomplete, the efforts made to obtain the information and the source from
which all responsive information may be obtained.

C.     If you object to any portion of the following requests for production of documents or sub-part thereof on a claim of any privilege, including the attorney-client privilege or a claim that such information constitutes attorney work product, you are hereby requested to provide the information required by Federal Rule of Civil Procedure 26(b)(5) including the following information:

i.     for documents: (a) the date of the document; (b) the name of the document's originator, the name of the person(s) to whom it is addressed, and the names of all person(s) who were shown copies or to whom copies were distributed; (c) a general physical description of the type of document, and the subject matter to which it pertains; (d) the document's current custodian; and (e) the precise grounds on which the claim of privilege or other objection to production is based; and

ii.     for oral communications: (a) the name of the person making the communication and the names of persons present while the communication was made, and, where not apparent, the relationship of the persons present to the person making the communication; (b) the date and place of the communication; and (c) the general subject matter of the communication.

D.     If, for any reason other than a claim of privilege, you refuse to respond to any portion of the following requests for production of documents, state the grounds upon which such refusal is based with sufficient particularity to permit a determination of the propriety of such refusal.

E.     If, in answering the following requests for production of documents, you claim that any request, or definition or instruction applicable thereto, is ambiguous, do not use such claim as a basis for refusing to respond, but rather, set forth as a part of the response the language you claim is ambiguous and the interpretation you have used to respond to the individual request.

F.     These requests for production of documents are to be regarded as continuing. You are instructed to supplement or amend any prior answer or response to these requests for production to the extent that new or supplemental information within the scope of the requests subsequently becomes known to you.

## **DEFINITIONS**

A.     "350 Green," "you", "yours" and "your" shall mean 350 Green LLC, the Defendant in this lawsuit, its members, agents, attorneys, accountants, investigators, and anyone else acting on its behalf.

B.     "JNS" shall mean JNS Power & Control Systems, Inc., an Illinois corporation with its principal place of business in Arlington Heights, Illinois, the Plaintiff in this lawsuit, as well as its subsidiaries, affiliates, officers, directors, agents, employees, attorneys, accountants, investigators, and anyone else acting on its behalf.

C.      "City" shall mean the City of Chicago, an Illinois municipal corporation, as well as its subsidiaries, affiliates, officers, directors, agents, employees, attorneys, accountants, investigators, and anyone else acting on its behalf.

D.      "Agreement" or "APA" refers to the "Asset Purchase Agreement" which JNS and 350 Green executed on or about April 17, 2013.

E.       "Person" or "persons," as used herein, shall mean each and every individual, corporation, partnership, joint venture, or related organization or any other entity, whether incorporated or unincorporated.

F.      "Document" or "documents," as used herein, is used in the broadest sense permissible under Federal Rule of Civil Procedure 26, and includes, but is not limited to, all originals, non-identical copies and drafts thereof. The term "document" or "documents" includes all writings, recordings and photographs and includes, but is not limited to, the following items, whether printed, recorded, or reproduced by mechanical or electronic process, or written or produced by hand: agreements; written communications, including intercompany and intra-company communications; letters; correspondence; e-mails; telegrams; cables; telexes; memoranda; records; books; summaries of records or papers; graphs; charts; maps; blueprints; diagrams; tables; indices; pictures; recordings; tapes; computer storage media; accounts; analyses and analytical records; memoranda of telephone calls; minutes or records of meetings or conferences; reports or summaries of interviews; transcripts; reports; microfilm; microfiche; telecopies; faxes; computer printouts; ledgers; photographs; videotapes; schedules; wiring diagrams; logic diagrams; diaries; calendars; day-timers; logs; reports or summaries of investigations; opinions or reports of consultants; appraisals; reports or summaries of negotiations; brochures; bulletins; pamphlets; circulars; advertising literature; magazine and newspaper articles or advertisements; trade letters; press releases; contracts; notes; drafts; projections; working papers; securities ledgers; checks (front and back); check stubs; account statements; receipts; and other documents, papers, or writings of whatever description including, but not limited to, any information contained in any computer or information retrieval device.

G.      The term "communications" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, advertisements, or other forms of verbal intercourse, whether oral or written.

H.      The phrases "referring" or "relating to" mean any and all information and all facts and documents which directly or indirectly bear upon, touch upon, incorporate, affect, include, pertain to or otherwise are connected with the subject matter about which inquiry is being made.

I.      The singular includes the plural and vice versa.

J.      The terms "and" and "or" shall be construed conjunctively or disjunctively so as to request the broadest possible response.

## DOCUMENT REQUESTS

1.      All emails, correspondence, communications, terms sheets, memoranda, letters of intents regarding or relating to the negotiations and discussions between JNS and 350 Green prior to the execution of the APA.

2.      All prior versions, drafts, or annotated copies of the APA.

3.      All emails, correspondence, and communications related to or referencing the APA, whether sent to or received from the City, JNS, 350 Green, Car Charging Group, Inc. ("CCGI") or any other person or entity.

4.      All emails, correspondence, and communications between 350 Green and the City regarding either the Grant Agreement between the City of Chicago Department of Environment and 350 Green, executed on or about October 18, 2010, or the First Amended and Restated Grant Agreement between the City of Chicago Department of Environment and 350 Green, executed on or about February 21, 2011.

5.      Any emails, correspondence, and communications between 350 Green and CCGI sent or received between March 8, 2013 and April 25, 2013, including, but not limited to emails, correspondence, and communications sent or received by attorneys representing either 350 Green or CCGI, which are not subject to either the attorney-client or work product privileges.

6.    Any documents evidencing any agreements between 350 Green and CCGI drafted, proposed, or exchanged, whether executed or not, between March 8, 2013 and April 25, 2013.

Respectfully submitted,

JNS Power & Control Systems, Inc.,

By:    s/ Evan J. Haim          
        One of Its Attorneys

KELLY MCCLOSKEY CHERF
EVAN J. HAIM
NICHOLAS M. HUDALLA
HOGAN MARREN, LTD.
321 N. Clark Street, Suite 1301
Chicago, Illinois 60654
(312) 946-1800

# EXHIBIT D

# UNITED STATES DISTRICT COURT
### for the
Northern District of Illinois ▾

| | |
|---|---|
| JNS POWER & CONTROL SYSTEMS, INC., | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   13 CV 04020 |
| | ) |
| 350 GREEN, LLC, | )    (If the action is pending in another district, state where: |
| _____ | ) |
| *Defendant* | )                  ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   Timothy Mason
      6860 Alta Loma Terrace, Los Angeles, California 90068

     ☑ *Testimony:*   **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

(See attached Rider A).

| Place: Hogan Marren, Ltd. | Date and Time: |
|---|---|
|        321 North Clark St., Ste. 1301, Chicago, IL 60654 | |

      The deposition will be recorded by this method:   video and stenographic means.

     ☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

      The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

            *CLERK OF COURT*
                                    OR

        _____        _____
             *Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
JNS Power & Control Systems, Inc. _____ , who issues or requests this subpoena, are:

Evan J. Haim, 321 North Clark Street, Suite 1301, Chicago, Illinois 60654, ejh@hmltd.com, 312-946-1800

Civil Action No. 13 CV 04020

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                    *Server's signature*

                                                    _____
                                                    *Printed name and title*

                                                    _____
                                                    *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

 **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 **(i)** fails to allow a reasonable time to comply;

 **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

 **(iv)** subjects a person to undue burden.

 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

 **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

 **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

 **(i)** expressly make the claim; and

 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois   ▾

| | |
|---|---|
| JNS POWER & CONTROL SYSTEMS, INC., | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   13 CV 04020 |
| | ) |
| 350 GREEN, LLC, | )    (If the action is pending in another district, state where: |
| *Defendant* | )                     ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Mariana Gerzanych
6860 Alta Loma Terrace, Los Angeles, California 90068

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

(See attached Rider A)

| Place: Hogan Marren, Ltd. 321 North Clark St., Ste. 1301, Chicago, IL 60654 | Date and Time: |
|---|---|

       The deposition will be recorded by this method:   video and stenographic means.

❑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

       The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

        *CLERK OF COURT*

                              OR

      _____       _____
         *Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
JNS Power & Control Systems, Inc. _____ , who issues or requests this subpoena, are:

Evan J. Haim, 321 North Clark Street, Suite 1301, Chicago, Illinois 60654, ejh@hmltd.com, 312-946-1800

Civil Action No. 13 CV 04020

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JNS POWER & CONTROL SYSTEMS, INC., | ) | |
| an Illinois Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13 CV 4020 |
| | ) | |
| v. | ) | Hon. Robert M. Dow |
| | ) | |
| 350 GREEN, LLC, a Virginia limited | ) | |
| liability company, | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF SUBPOENA PURSUANT TO RULE 30(b)(6)**

TO:      See attached Certificate of Service.

You are hereby notified that, pursuant to Federal Rules of Civil Procedure 30(b)(6) and 45, a deposition will be taken of 350 Green, LLC on _____, **2013 at** _____ **a.m.** at the law office of Hogan Marren, Ltd, 321 North Clark Street, Suite 1301, Chicago, Illinois 60654. You are hereby notified that pursuant to the Federal Rules of Civil Procedure, at that time and place, 350 Green, LLC ("350 Green") shall produce and designate one or more persons for oral examination to testify regarding:

1) Any and all information pertaining to the Asset Purchase Agreement ("APA") between 350 Green and JNS Power & Control Systems, Inc.;

2) Any and all information pertaining to all agreements drafted, proposed or exchanged between 350 Green and Car Charging Group, Inc. during March and/or April 2013;

3) Any and all information pertaining to the October 2010 Grant Agreement between the City of Chicago Department of Environment and 350 Green; and

4) Any and all information pertaining to the February 2011 First Amended and Restated Grant Agreement between the City of Chicago Department of Environment and 350 Green.

_____s/ Evan J. Haim_____
One of the Attorneys for Plaintiff

PATRICK E. DEADY
KELLY MCCLOSKEY CHERF
EVAN J. HAIM
HOGAN MARREN, LTD.
321 North Clark Street, Suite 1301
Chicago, Illinois 60654
(312) 946-1800

**CERTIFICATE OF SERVICE**

I hereby certify that on _____, 2013, I served the foregoing **Notice of Subpoena Pursuant to Rule 30(b)(6)** upon the following attorneys via certified mail and e-mail:

Michael Bernstein ([Michael@Bernstein-Lawfirm.com](mailto:Michael@Bernstein-Lawfirm.com))
The Bernstein Law Firm
1688 Meridian Avenue, Suite 418
Miami Beach, Florida 33139


_____
s/ Evan J. Haim

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois

| | | |
|---|---|---|
| JNS POWER & CONTROL SYSTEMS, INC., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.    13 CV 04020 |
| | ) | |
| 350 GREEN, LLC, | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   Car Charging Group, Inc.
        1691 Michigan Avenue, Miami Beach, Florida 33139

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

Any and all information pertaining to all agreements drafted, proposed or exchanged, whether executed or not, between 350 Green, LLC and Car Charging Group, Inc. during March and/or April 2013.

| Place: Hogan Marren, Ltd. 321 North Clark St., Ste. 1301, Chicago, IL 60654 | Date and Time: |
|---|---|

The deposition will be recorded by this method:  video and stenographic means.

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Any and all documents evidencing agreements drafted, proposed or exchanged, whether executed or not, between 350 Green, LLC and Car Charging Group, Inc. during March and/or April 2013, as well as all emails, correspondence or other communications regarding the same which are not subject to either the attorney-client and/or work product privilege.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   _____

|  CLERK OF COURT |  |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   _____
JNS Power & Control Systems, Inc. _____ , who issues or requests this subpoena, are:

Evan J. Haim, 321 North Clark Street, Suite 1301, Chicago, Illinois 60654, ejh@hmltd.com, 312-946-1800

Civil Action No. 13 CV 04020

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois

| | | |
|---|---|---|
| JNS POWER & CONTROL SYSTEMS, INC., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.    13 CV 04020 |
| | ) | |
| 350 GREEN, LLC, | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:    John F. Pierce

DLA Piper LLP, 701 Fifth Avenue, Suite 7000, Seattle, Washington 98104

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

Any and all information pertaining to all agreements drafted, proposed or exchanged, whether executed or not, between 350 Green, LLC and Car Charging Group, Inc. during March and/or April 2013.

| Place: Hogan Marren, Ltd. | Date and Time: |
|---|---|
| 321 North Clark St., Ste. 1301, Chicago, IL 60654 | |

The deposition will be recorded by this method:  video and stenographic means.

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Any and all documents evidencing agreements drafted, proposed or exchanged, whether executed or not, between 350 Green, LLC and Car Charging Group, Inc. during March and/or April 2013, as well as all emails, correspondence or other communications regarding the same which are not subject to either the attorney-client and/or work product privilege.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    _____

CLERK OF COURT

OR

_____                _____
*Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  _____

JNS Power & Control Systems, Inc. _____ , who issues or requests this subpoena, are:

Evan J. Haim, 321 North Clark Street, Suite 1301, Chicago, Illinois 60654, ejh@hmltd.com, 312-946-1800

Civil Action No.   13 CV 04020

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____          _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).