```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION
```

| | | |
|---|---|---|
| JNS Power & Control Systems, Inc., an Illinois corporation, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 13 C 4020 |
| 350 Green, LLC, a Virginia limited liability company, and Car Charging Group, Inc., a Nevada corporation, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

Defendant Car Charging Group, Inc.'s ("CCGI") motion to dismiss plaintiffs' second amended complaint ("SAC") with prejudice is denied.

**STATEMENT**

In its second amended complaint, JNS alleges that CCGI is directly liable to it, and/or liable to it under a veil-piercing theory, for damages due to 350 Green's failure to perform its contractual obligations under the APA—an agreement I have already concluded is enforceable and was breached by 350 Green. Mem. Op. and Order of 09/24/13 (granting partial summary judgment in plaintiff's favor), *aff'd by JNS Power and Control Sys., Inc. v. 350 Green*, 624 F. App'x 439 (7th Cir. 2015). JNS also seeks indemnification under the APA for the fees and costs it incurred in obtaining specific performance of that agreement, as well as costs it continues to incur in its effort to obtain damages. CCGI argues that JNS has not pled sufficient facts in the SAC to warrant discovery on either of its theories liability. I disagree.

Paragraph 35 of the SAC alleges, among other facts, that CCGI agreed to pay the legal and other costs that 350

Green incurred in connection with the instant lawsuit; that CCGI controlled and directed 350's efforts to perform its obligations under the APA; and that 350 transferred to CCGI, or to entities owned or controlled by CCGI, all of its assets, liabilities, and operations. SAC at ¶ 35 (a), (f), (g). CCGI's suggestion in its briefs that additional "layers" of corporate entities shield it from liability for 350 Green's misconduct, when there is no question that CCGI has aligned itself with 350 Green to defend that misconduct in this very litigation, and, when that failed, to make good on 350 Green's obligations, only reinforces the impression that an "abuse of the corporate form to evade contractual obligations" is afoot. *Job v. Simply Wireless, Inc.*, 160 F. Supp. 3d 891, 902 (E.D. Va. 2015). Indeed, CCGI's posture in this litigation is consistent with the SAC's factual allegations about the relationship between the entities and with plaintiff's claim that it is entitled to recover from CCGI for damages and associated litigation costs resulting from 350 Green's breach.

_____
**Elaine E. Bucklo**
United States District Judge

Dated: July 26, 2017